IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

MORITA HUTCHISON                           :
13202 RHAME DRIVE                          :
FORT WASHINGTON, MD 20744                  :
                                           :
    Plaintiff,                            :
                                           :
v.                                         :    Case No._____
                                           :
BROCK & CO, INC                            :
257 GREAT VALLEY PARKWAY                   :
MALVERN, PA 19355                          :
                                           :
    Serve:  CT Corporation System          :
             1015 15th Street, NW            :
             Suite 1000                      :
             Washington, DC 20005            :
                                           :
    Defendant.                             :

## COMPLAINT

COMES NOW, Plaintiff, Morita Hutchison, by and through her undersigned counsel and hereby sues Brock & Co., Inc. for violation of 42 U.S.C. §1981, 42 U.S.C. §2000e-2 for race discrimination, 29 U.S.C. §621 et seq., the Age Discrimination in Employment Act (ADEA) retaliation and violation of DC Human Right Act , and in support thereof, hereby states as follows:

## PARTIES

1.    Plaintiff is an adult resident of the State of Maryland with her principal place of residence located at 13202 Rhame Drive, Fort Washington, MD.

2.    Defendant is a Pennsylvania Corporation with its principal place of business located at 257 Great Valley Parkway, Malvern, PA.  Defendant is properly

licensed and registered to conduct business in the District of Columbia and maintains a regulation place of business at 901 New York Ave, Washington, DC.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter based upon 28 U.S.C.A. §1331 because this matter is based a question of federal law.

4. This Court also has jurisdiction over this matter based upon 28 U.S.C.A. §1332 because the Plaintiff and Defendant are diverse from one another and the amount in controversy exceeds $75,000.00.

5. Venue in this matter is proper based upon 28 U.S.C.A. §1391.

## FACTS OF THE CASE

6. Plaintiff is an African American female, aged 56.

7. Plaintiff was hired by Brock & Co. in 2000 and was continuously employed in several roles in the Finnegan Dining Room located at 901 New York Ave., NW, 10th Floor, Washington, DC.

8. Plaintiff's most recent position was as a server and cook

9. Plaintiff has also been employed as a cashier.

10. Plaintiff received consistently positive performance evaluations during her tenure.

11. In or about January, 2014, Plaintiff complained to her supervisor, Gil, that he treated the white and Hispanic employees (all of whom are much younger than Plaintiff) better than he treated the older, African American employees.

12. Plaintiff told him that she felt that he was prejudiced.

13. Examples of Gil's prejudice, include, but are not limited to, favoring younger non African American employees for overtime assignments, more favorable schedules, allowing younger non-African American employees to commit violations of rules and policies without any discipline.

14. Additionally, on at least one occasion, Gil asked Plaintiff to commit fraud by asking her to do $300.00 worth of overrun tickets.

15. Gil denied that he was prejudiced in any way and continued to treat Plaintiff poorly.

16. On or about Friday, March 14, 2014, Plaintiff was told not to come back to work by James, Gil's supervisor. No reason was given.

17. Donna Dunn, Brock's director of HR called Plaintiff and insisted that Plaintiff needed to back to work on Monday, March 17, 2014.

18. Monday March 17, 2014 was a snow day and the Federal Government was closed.

19. Defendant's employees follow the government for office closures.

20. Plaintiff went in on Tuesday, March 18 and was sent home.

21. Plaintiff was asked to come in on March 19 for a meeting.

22. At that meeting, Plaintiff was told that she was being removed as the server/cook and was offered the job of dishwasher.

23. Because of a prior wrist injury and other injuries, Plaintiff is unable to lift the large pots, trays and dishes that would be required of her as a dishwasher.

24. The position of dishwasher is a demotion from server/cook.

25. Plaintiff was unable to accept the position of dishwasher so she was terminated effective March 19, 2014.

26. No specific reason was given for the proposed demotion or termination.

27. Plaintiff reasonably believes it was based on her race, age and the fact that she had complained to Gil that he was prejudiced against older black employees.

28. Plaintiff has suffered and continues to suffer harm and damages as a result of the discrimination and retaliation that she has suffered.

29. On or about April 22, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission, Charge No. 846-2014-19796.

30. On or about November 4, 2014, EEOC issued its Right to Sue Letter.

COUNT I
VIOLATION OF 42 U.S.C. §1981 and 42 U.S.C. §2000e-2

31. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

32. Plaintiff had a contract of employment with Defendant.

33. Defendant has interfered with Plaintiff's enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship by terminating Plaintiff's employment.

34. Plaintiff's race, African American, was a motivating factor in Defendant's decision to terminate Plaintiff's employment, in violation of Federal law.

35. Plaintiff was subjected to unequal treatment and discharge as a result of her race.

36. Plaintiff has suffered and continues to suffer harm and damages as a direct and proximate result of Defendant's unlawful actions.

## COUNT II
## VIOLATION OF 29 U.S.C. §621, et seq.

37. Plaintiff adopts and incorporates by reference all of the allegations set forth in the previous paragraphs as if the same were fully set forth herein.

38. This action is brought pursuant to the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621, et. Seq., for employment discrimination on the basis of age.

39. The aforesaid discriminatory treatment by Defendant toward Plaintiff caused tangible harm to Plaintiff in that they affected the terms, conditions and privileges of her employment.

40. Other similarly situated employees not of Plaintiff's age group were not subject to the same conditions of employment as Plaintiff.

41. A causal connection exists between Defendant's actions in not hiring Plaintiff for the aforesaid positions and Plaintiff's age.

42. Defendants' aforementioned conduct and statements reflect directly on a discriminatory attitude toward Plaintiff.

43. Defendants' actions constituted a violation Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 621, et. Seq.,

44. In addition to the above, Plaintiff also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, loss of self-esteem, loss of income, and other damages.

45. Defendant's conduct was malicious, willful and intentional.

## COUNT III
## RETALIATION

46. Plaintiff hereby adopts all aforesaid paragraphs as if fully reproduced herein.

47. Plaintiff engaged in protected activity when she complained to Gil his race and age discrimination.

48. Defendant was aware of Plaintiff's protected activity.

49. In response to and because of Plaintiff's protected activity, Defendant, by and through its agents, servants and employees, took adverse action against Plaintiff by terminating her.

50. Defendant's actions constituted a violation of Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 2000(e) *et seq*.

51. Defendant acted willfully and with actual malice in terminating Plaintiff.

52. As a direct result of Defendant's actions and omissions, Plaintiff suffered monetary and non-monetary damages.

53. Plaintiff has also suffered anguish, anxiety, fear, helplessness, shock, humiliation, insult, embarrassment, depression, insomnia, and other damages as a direct result of Defendant's acts and omissions.

WHEREFRORE, Plaintiff respectfully requests that this Court enter judgment favor of Plaintiff and against Defendant for

A. Compensatory damages in the amount of $1,000,000.00 or such other amount as determined at the trial of this matter;

B. Punitive damages in the amount of $1,000,000.00 or such other amount as determined at the trial of this matter;

C. Plaintiff's attorneys' fees and costs associated with this matter; and

      D.      Such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## **JURY TRIAL**

Plaintiff requests that all matters in this case be tried by a jury.

Dated: December 16, 2014

                                              Respectfully Submitted,

                                              /s/Neil S. Hyman_____
                                              Neil S. Hyman, Esquire
                                              DC Bar No. 465047
                                              Law Office of Neil S. Hyman, LLC
                                              4416 East West Highway, Suite 400
                                              Bethesda, Maryland 20814
                                              301-841-7105 (p)
                                              301-986-1301 (f)
                                              neil@neilhymanlaw.com
                                              *Counsel for Plaintiff*